UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
In re:

CHRISTOPHER'S MEN'S STORES, INC.,                    Case No. 05-11827

                                  Debtor(s).
-------------------------------------------------------------
APPEARANCES:

| | |
|---|---|
| Hodgson Russ LLP | Richard L. Weisz, Esq. |
| *Attorneys for Debtor* | |
| 677 Broadway | |
| Albany, NY 12207 | |
| | |
| Menter, Rudin & Trivelpiece, P.C. | Kevin M. Newman, Esq. |
| *Attorneys for Poughkeepsie Galleria LLC* | |
| 308 Maltbie Street, Suite 200 | |
| Syracuse, NY 13204-1498 | |
| | |
| Deily, Mooney & Glastetter, LLP | Bonnie S. Baker, Esq. |
| *Attorneys for Hilco Merchant Resources, LLC* | |
| 8 Thurlow Terrace | |
| Albany, NY 12203-1006 | |
| | |
| Lemery Greisler LLC | Paul A. Levine, Esq. |
| *Attorneys for Webster Business Credit Corporation* | |
| 50 Beaver Street | |
| Albany, NY 12207 | |

Hon. Robert E. Littlefield, Jr., U.S. Bankruptcy Court Judge

**MEMORANDUM-DECISION AND ORDER**

      The current matter before the court is the motion of Poughkeepsie Galleria LLC

("Galleria" or "Landlord") to compel payment of rent and attorney fees by Christopher's Men's

Stores, Inc. ("Debtor") and Hilco Merchant Resources, LLC ("Hilco"). Opposition has been

filed by Hilco and Webster Business Credit Corporation ("Webster"). The court has jurisdiction

1

over this matter pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(B), and 1334.

## FACTS

the parties filed a joint stipulation of facts on April 4, 2008. The Debtor, a New York corporation, filed a Chapter 11 petition on March 22, 2005. At the time of filing, the Debtor operated five retail stores selling men's clothing. The court confirmed the Debtor's first amended plan on November 23, 2005.[1] Webster, the Debtor's secured lender, essentially held a lien against all of the Debtor's assets. Galleria was the Debtor's landlord under a lease of non-residential real property dated June 12, 1997, for its retail store located in the Poughkeepsie Galleria in Poughkeepsie, New York (the "Poughkeepsie Lease"). In October 2007, the Debtor filed an application (the "Liquidation Motion") for an order permitting it to conduct "going out of business" sales ("GOB Sales") at certain locations, including its store in the Poughkeepsie Galleria. In addition, the Debtor sought approval to retain Hilco to liquidate its assets. The Landlord and Crystal Run Company, Inc., the landlord for the Debtor's retail store located in the Galleria at Crystal Run in Middletown, New York, interposed a joint Objection to Debtor's Application for Order Approving Liquidation ("the Objection"). Paragraph 18 of the Objection states in relevant part:

> While there is no legal or factual basis for the Debtor to conduct GOB sales or for granting the Liquidation Motion, the Objecting Landlords would not oppose the proposed sales upon the following strict terms and conditions:
>
> a. All past due rent of $182,696.16 as set forth above must be paid by bank check upon entry of any order authorizing the GOB sales and prior to the commencement of the GOB sales;

---

[1] The Debtor's Chapter 11 case was subsequently converted to one under Chapter 7 by order entered February 27, 2008, due to the Debtor's failure to file a final decree.

> b. All rent and charges must be paid when due under the Leases through and including rent due for January 2008;
>
> . . . .
>
> d. The Premises must remain open and be continuously operated in accordance with the use provisions of the Leases through at least January 15, 2008 and up until January 31, 2008;
>
> . . . .
>
> f. The GOB sales must be conducted in accordance with the sale guidelines annexed hereto as Exhibit "E;"
>
> . . . .
>
> h. The proposed order granting the Liquidation Motion must provide that the Leases are deemed terminated upon conclusion of the sales and that the Objecting Landlords reserve all claims under the Leases including, but not limited to, all claims occasioned by such termination.

(Objection to Debtor's Application for Order Approving Liquidation ("Objection") (No. 262) ¶ 18.)  Exhibit "E" referenced in paragraph 18(f) of the Objection appears to be a template of guidelines for a liquidation sale used by the Landlord in a Chapter 11 case involving a different debtor.

The court scheduled a hearing on the Liquidation Motion by Order to Show Cause for October 10, 2007.  The Liquidation Motion was resolved by order entered on consent on October 12, 2007 (the "GOB Sale Order"), which states in relevant part:

> 2.  [T]he Debtor and Hilco . . . shall comply with the terms of the consent of Poughkeepsie Galleria Company as expressed in Paragraph "18" of the Objection of Poughkeepsie Galleria Company to the Application dated October 9, 2007 except that (a) the past-due rent to be paid to Poughkeepsie Galleria Company upon entry of the Order (including October rent) shall be $59,948.72, and (b) the Poughkeepsie, New York sale shall be held and concluded by December 31, 2007.
>
> . . . .
>
> 4. (a)  The liquidation Sale shall be conducted and concluded on or before December 31, 2007;
>
> . . . .
>
>    (h)  The Debtor shall pay rent to the landlords of the stores subject to the Sale monthly in advance for each month or portion thereof that the Sale is being

3

> conducted in each location, commencing retroactively from October 1, 2007 through and including the month in which the Sale is concluded at each location, and the October, 2007 rent shall be paid within five (5) business days of entry of this Order.

(Order Amending Plan and Authorizing Sale ("GOB Sale Order") (No. 269) ¶¶ 2, 4.)

Debtor conducted the GOB Sales and vacated its location in the Poughkeepsie Galleria in broom clean condition on or before December 31, 2007. The Landlord received payment of all rent and other charges due to it under the GOB Sale Order through and including the period ending December 31, 2007. The Landlord, through its attorneys, made demands on Hilco to pay rent for January 2008 pursuant to the GOB Sale Order. Hilco refused to make payment to the Landlord for January 2008 rent because Webster disputed the Landlord's entitlement to the same. Upon information and belief, the net proceeds of the GOB Sales were dispersed to Webster.

## ARGUMENTS

Citing to the *Restatement 2d of Contracts*, the Landlord asserts that any interpretation of an agreement must give meaning to all its parts with preference given to specific terms and separately negotiated provisions. The Landlord argues that neither the GOB Sale Order nor the Objection supports Webster's position that rent would not be due for January 2008. The Landlord takes the position that paragraphs 2 and 4(h) of the GOB Sale Order are in harmony with each other in that paragraph 4(h) only provides that rent is due for certain periods and does not necessarily permit the Debtor to refrain from paying in other periods. Further, the Landlord contends that the specificity of paragraph 2 of the GOB Sale Order requiring January 2008 rent overrides the generalities of paragraph 4(h) regarding rent during the GOB Sale. Finally, the

Landlord asserts that because the Debtor and Hilco are in contempt of the GOB Sale Order, an award of attorney fees is appropriate.

Webster replies by arguing that principles of contract law should govern the interpretation of the GOB Sale Order and that the role of the court is to give effect to the expressed intentions of the parties.  It also repeats the mantra that the court should avoid an interpretation that creates an absurdity, injustice, or inequitable result.  Webster further states that the intent of the parties regarding rent was a "pay as you go" relationship that would terminate by the end of 2007.  Webster argues that to adopt the Landlord's theory would result in the absurd result of paying rent when the Poughkeepsie location was empty.  In addition, such an interpretation would produce an inequitable windfall for the Landlord.  Webster also contends that absent a specific provision in the GOB Sale Order, or a finding of contempt by the court, an award of attorney fees would not be proper.

Hilco argues that the Landlord has not justified its request.  If, however, the court finds that rent is due, Hilco asserts it should be payable by Webster, because it received all proceeds from the GOB Sale at the Poughkeepsie location.

## DISCUSSION

The issues before the court are whether the Landlord is owed the January 2008 rent[2] and, if so, is an award of attorney fees appropriate.  To answer those questions, the court need look no further than the Objection itself.

The GOB Sale Order authorized the GOB Sales at the Poughkeepsie Galleria and other

---

[2] The Landlord claims an entitlement to both a fixed rent component as well as percentage rent.

locations, by incorporating certain conditions of sale as required by the Landlord.  Paragraph 2 of the GOB Sale Order expressly adopts the requested Landlord mandates of paragraph 18, including the liquidation sale guidelines set forth in Exhibit E to the Objection, with two exceptions: "the past-due rent to be paid to [Galleria] . . . shall be $59,948.72, and the Poughkeepsie . . . sale shall be completed by December 31, 2007."[3]  (GOB Sale Order ¶ 2.)

The Landlord's position is predicated upon two prerequisites from the Objection: the Poughkeepsie GOB Sale must conclude by December 31, 2007, and the January 2008 rent must be paid when due under the Poughkeepsie Lease.  Though these conditions appear to be substantively incongruous, the Landlord argues that they serve a notice function to all parties; namely, that while the Poughkeepsie GOB Sale will end in December, rent must still be paid to Galleria in January 2008.

The Landlord's thesis, however, is counterbalanced by another paragraph of its own Objection.  The specific language of paragraph 18(b) provides that "all rent . . . must be paid *when due under the Leases* including rent due for January 2008."  (Objection ¶ 18(b)(emphasis added).)  Conveniently, the Landlord omits "when due under the Leases" from its analysis of the language contained in the Objection.  This language, however, is pertinent, as the obligation to pay rent under paragraph 18(b) necessarily ceased with the termination of the Poughkeepsie

---

[3] It is not entirely clear which part of paragraph 18 of the Objection is modified by the second exception.  The court assumes it is the template requirement of a sale completion date by June 30, 2001, as set forth in guideline 12 of Exhibit E to the Objection.  Exhibit E is incorporated and made part of the Objection by paragraph 18(f).  It is interesting to note that this second exception is duplicative of paragraph (4)(a) of the GOB Sale Order.

Lease at the conclusion of the GOB Sale pursuant to paragraph 18(h). Thus, Galleria's entire argument is premised on the shaky proposition that rent should be due and payable under a terminated lease.[4]

The faulty logic of the Landlord's position is further demonstrated by the Landlord's own sale guidelines. A majority of the eighteen guidelines are not pertinent to the Liquidation Motion. "Guideline 15," however, is relevant and states, in part, "[t]he Debtors shall be required to pay the landlord rent and all charges due under the leases, as an administrative expense, until the lease is rejected." (Objection Ex. E ¶ 15.) As the instant case was confirmed prior to the Liquidation Motion being filed, the concepts of administrative expense and lease rejection are not germane. Nevertheless, the apparent intent behind this "guideline" is apropos: the Debtor must pay rent while the Poughkeepsie Lease is in existence. This dovetails with the case *sub judice*[5] as pursuant to the express terms of paragraph 18(h) of the Objection, the Poughkeepsie Lease terminated on December 31, 2008. Thus, as a result of both the termination of the Poughkeepsie Lease pursuant to paragraph 18(h) and the apparent intent behind guideline 15, no rent would be due for January 2008.

---

[4] In both the Objection and the Liquidation Motion, the Landlord alleges the Poughkeepsie Lease terminated on September 18, 2007. There was an assertion that there was to be an eviction hearing in the local town court in October 2007, however, there has been no further reference to the alleged September 2007 lease termination. The court assumes that for purposes of the Poughkeepsie GOB Sale, the alleged September 2007 lease termination has been waived or abandoned.

[5] On demand of the Landlord, the GOB Sale Order expressly includes the entirety of paragraph 18 of the Objection with only the two amendments as set forth in paragraph 2 of the GOB Sale Order. The court assumes the Landlord had a specific basis for including all requirements of paragraph 18, including the sale guidelines contained in Exhibit "E" and the lease termination provision of 18(h) and that all were meant to have some relevance regarding the Poughkeepsie GOB Sale.

This interpretation of the Objection is also bolstered when looking at the genesis of the Objection itself, which was drafted in early October 2007.[6] Hypothetically, the interplay among paragraphs 18(b), 18(d), and 18(h) when filed on October 9, 2007, could have been that a GOB Sale at any location would occur between January 15 and January 31, 2008, with no proration of rent if concluded prior to the end of the month. The specific lease would then terminate upon the conclusion of the sale. It is crucial to note that the Objection in its initial format did not have a stated GOB Sale completion date other than the requirement of the store remaining open until at least January 15, 2008. Thus, it is possible to construct a rational interpretation of the entirety of the Objection as originally pled.

There is no way, however, to reconcile paragraphs 18(b), 18(d), and 18(h) within the four walls of the GOB Sale Order. The literal requirement to remain open until at least January 15, 2008 is ignored by the Landlord, as is the pronouncement that the leases would terminate upon conclusion of the GOB Sales. Instead, the Landlord focuses myopically on the supposed requirement for the payment of January 2008 rent as if it existed in a vacuum. The January 2008 rent edict appears to be a ghost from a past pleading that simply has no meaning within the confines of paragraph (2) of the GOB Sale Order. Because of these incongruities, the court denies the Landlord's request for additional rent.[7] Furthermore, because the request for additional rent is denied, there is no basis for an award of attorney fees to the Landlord.

---

[6] The Objection was originally filed on behalf of Galleria and Crystal Run Company, L.P., another landlord of the Debtor; thus, the use of the plural "GOB sales," "Leases," and "Objecting Landlords."

[7] With the denial of the motion, the court need not address the issue of fixed rent versus percentage rent.

## CONCLUSION

Based upon the foregoing, the court concludes that the Landlord has received all that it could reasonably expect to obtain under the confines of the GOB Sale Order and the Objection. As a result, the Landlord's motion is denied in its entirety.

Dated:  December 17, 2008                             /s/ Robert E. Littlefield, Jr.
        Albany, New York                               ------------------------------------
                                                             Hon. Robert E. Littlefield, Jr.
                                                             United States Bankruptcy Judge